IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA                NO. 17-113

v.

JOHN CHRISTOPHER BROWN                CRIMINAL

DEFENDANT BROWN'S MEMORANDUM
IN SUPPORT OF MOTION TO SEVER/ SUPPRESS
ESTRAJUDICIAL STATEMENT OF CODEFENDANT, JAMIESON

I.      BACKGROUND

This motion seeks to sever the joint trials of codefendants Brown and Jamieson on the bases of the intended introduction into evidence of the extrajudicial statement of Lawrence "Larry" Jamieson, and the fact that the defendants share a sole count from a total of forty-two counts, i.e., count twenty-three brought pursuant to Title 18, United States Code, Section 2422(b) wherein Brown is accused of aiding and abetting Jamieson in procuring recording of sexual activity of a minor. The motion is combined motion to suppress the extrajudicial statement of codefendant Lawrence "Larry" Jamieson since the facts and arguments are so similar. It is believed that the government will attempt to introduce the extrajudicial statement of codefendant into the currently planned joint trial of the defendants.

II.     ARGUMENT

A) Extrajudicial Statement of Codefenadant Jamieson

It is well established law that the extrajudicial statements of a codefendant that incriminate a defendant are inadmissible at the defendant's trial. *Bruton v. United States*, 391

U.S. 123 (1968). "Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect, a fact recognized when accomplices do take the stand and the jury is instructed to weigh their testimony carefully given the recognized motivation to shift blame onto others". *Bruton*, supra at 136.  In *Bruton*, the Court held that admission of a non-testifying codefendant's extrajudicial statement into the joint trial violated defendant's right to cross-examination secured by the Confrontation Clause of the Sixth Amendment.  That Court did not believe that limiting instructions could cure the prejudice that the complaining defendant no doubt suffered as a result.  *Bruton*, remains good law.

Attempts at redaction as to the identify of a codefendant, here, Brown, would be futile in this situation since there are two codefendants, and it is impossible to protect Brown's 6th Amendment right to confrontation, because a jury would identify him as the redacted individual. See *Washington v. Sec'y Pa. Dep't. of Corrections*, 801 F.3d 160 (3d Cir. 2015).

The codefendant statement of Jamieson, which is incriminating towards defendant Brown, and if admitted will deprive him of his Sixth Amendment right to confrontation must therefore be suppressed from the joint or individual trial of Brown pursuant to the foregoing.

### B)  Severance of Codefendants' joint trial

The government did notify defendant Brown that his trial will be joint with codefendant Jamieson's pursuant to Fed.R.Crim.P., Rule 8 (b).  Rule 14, while not requiring an automatic Severance as a matter of right, does require the trial court to assess the evidence and determine if there is a serious risk that a joint trial will compromise a trial right of a defendant.  *Zafiro v. United States*, 506 U.S. 534 (1993).

As stated in the above, the defendant are joined for trial where forty-two charges are brought individually against both, notwithstanding one count against John Christopher Brown,

for aiding and abetting Jamieson at Count twenty-three, which count relates to Minor #1.

None of the remaining charges brought against Jamieson can be brought against Brown for the reason that Jamieson's charges relate to the voluminous cache of child pornography that was found on his computers and other devices. Brown admittedly had nothing to do with these.

Likewise, the charges against Brown rise from the purported materials found on his cell phones. The sources of the offending materials are separate and independent of each other, the defendants have separate and independent materials on their devices, so that there is no reason for a jury to hear all of Jamieson's counts in a joint trial where Brown will be unduly prejudiced if for no reason, than by association with Jamieson.

There is no evidence that Brown took part in the acquisition, manufacturing, harboring or viewing of any of Jamieson's pornography collection or had any other involvement to justify the joint trial. Jamieson's charges are unrelated to defendant Brown.

Also, defendant Brown moves for severance under the Bruton analysis cited above.

Pornography is reviled by juries, and it is fundamentally unfair to Brown to subject him to the predictable hatred and contempt of a jury all on account of Jamieson's millions of pornographic photos and videos that constitute an enormous cache or collection, and with which he shares no role in production, acquisition, storing and/or distribution.

III. CONCLUSION/ RELIEF

Defendant Brown requests this Honorable Court suppress the extrajudicial statement of codefendant Lawrence "Larry" Jamieson, and grant defendant's request for severance based on the foregoing.

                                    Submitted by:

                                    /s/  Diane S. Tosta
                                  _____
                                  Diane S. Tosta, Esquire